IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIMBERLY A. MONTGOMERY, | ) | |
| | ) | No. 17-cv-3088 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| NANCY A. BERRYHILL, Deputy | ) | |
| Commissioner for Operations for the | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Kimberly Montgomery ("Plaintiff") appeals the decision of the Commissioner of the Social Security Administration denying her Social Security disability benefits under Title II ("DIB") of the Social Security Act ("the Act"). Plaintiff has filed a motion for summary judgment [11] and the Commissioner has filed a cross-motion for summary judgment [22]. After reviewing the record, the court grants the Plaintiff's motion, and denies the Commissioner's motion. The decision of the Administrative Law Judge ("ALJ") is reversed, and the case is remanded for further proceedings consistent with this opinion.

This is the second time Plaintiff's denial of benefits has been appealed to this Court. On April 26, 2016, the Court remanded this matter to the ALJ with instructions to: 1) consider all medical evidence in the record, including that which did not support the ALJ's conclusions; 2) consider medical evidence from before the Plaintiff's Date Last Insured ("DLI"); and 3) follow the "treating physician rule." *Montgomery v. Colvin*, 14-cv-10453, 2016 WL 1639698, at *4-5 (N.D. Ill. Apr. 26, 2016).[1] On remand, the ALJ held another hearing with Plaintiff on November 9,

---

[1] For a more detailed discussion of Plaintiff's condition and the background of this case, the Court refers to its previous decision cited above.

2016. At the hearing, Plaintiff was represented by counsel, and an impartial vocational expert testified. (R. 741.) The ALJ received new medical evidence before issuing the most recent decision, including several years of treatment records from Plaintiff's treating physician and pain management specialist, Dr. James E. Wilson, M.D., as well as records stemming from a C3-C7 cervical laminoplasty surgery performed at the University of Chicago in December 2015.

On January 25, 2017 ALJ Michael Hellman issued an opinion finding that Plaintiff was not disabled. (R. 741-52.) The ALJ went through the five-step sequential evaluation process to determine whether Plaintiff was disabled. 20 C.F.R. § 416.920(a)(4). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of November 2, 2005, until her DLI of June 30, 2010; at step two, the ALJ found that Plaintiff has severe impairments in the form of degenerative disc disease, arthritis and spinal stenosis; at step three, the ALJ held that Plaintiff did not have an impairment or combination of impairments that meets or equals any impairment found in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; before step four, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), except Plaintiff was limited to light work that allowed her to alternate between sitting and standing at will provided that claimant was not off task more than ten percent of the work period, could never climb ladders, ropes, or scaffolds, could frequently climb ramps or stairs, could frequently balance, crouch and kneel, could occasionally stoop or crawl, and could avoid concentrated exposure to cold, excessive vibration, use of hazardous machinery, and unprotected heights; at step four, the ALJ concluded that Plaintiff was capable of performing her past relevant work as a general office clerk or office manager. (R. 741-52.)

In reaching this decision, the ALJ engaged in a lengthy and in-depth discussion of Plaintiff's medical treatment before her DLI, as per the Court's previous order. However, the ALJ

2

also ignored large swaths of the record – namely, all of the Plaintiff's post-DLI treatment.[2] These records include a 2012 back surgery,[3] the aforementioned cervical laminoplasty surgery in 2015, and the updated records from Dr. Wilson.

In disability insurance benefits cases, a court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence and the proper legal criteria. *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). The Court cannot let the Commissioner's decision stand if the decision lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535,539 (7th Cir. 2003); *see also*, 42 U.S.C.§ 405(g).

The Social Security Act requires all applicants to prove they are disabled as of their date last insured to be eligible for disability insurance benefits. While the best source for information about a plaintiff's condition for the period at issue is the evidence taken at that particular time, post-DLI evidence is still relevant and the ALJ must consider it. *Parker v. Astrue*, 597 F.3d 920, 925 (7th Cir.2010); *Wieringa v. Colvin*, 2015 WL 1445487, at *6 (N.D. Ill. Mar. 26, 2015); *Kazmi v. Astrue*, 2012 WL 5200083, at *8 (N.D. Ill. Oct. 22, 2012); *Free v. Astrue*, 2011 WL 2415012, at *7-8 (N.D. Ill. June 10, 2011). Although a claimant's "condition may have worsened since [their] DLI]…the Social Security regulations require a 'disability' finding before a claimant's date last

---

[2] Although this issue was not raised in Plaintiff's motion or accompanying memorandum, "[a] reviewing court may *sua sponte* address issues in social security cases." *Heuschmidt v. Colvin*, 2015 WL 7710368, at *2 (N.D. Ill Nov. 30, 2015).

[3] On December 4, 2012, Dr. John Andreshak, M.D., performed a L4 laminectomy, bilateral L4-5 foraminotomies revision bilateral L5-S1 foraminotomies, L4-5 and L5-S1 interbody fusion with Aleutian cages, and posterior spinal fusion L4 through S1. (R. 668.) This operation was briefly referenced in the ALJ's opinion, but there is no substantive discussion of its relevance (or lack thereof) to Plaintiff's pre-DLI condition. (*See* R. 745 ("The claimant also said that she underwent another surgery in 2012 for her back and rods were implanted in her lower back").)

3

insured." *Pepper v. Colvin*, 712 F.3d 351, 369 (7th Cir. 2013). But this does not negate the maxim that post-DLI evidence must be considered by an ALJ. "As is often noted by the Seventh Circuit, the ALJ must consider the entire record and cannot simply ignore those portions of the record that do not support the ALJ's findings." *Flerlage v. Berryhill*, 2017 WL 3918244, at *5 (N.D. Ill. Sept. 7, 2017) (citing *Clifford v. Apfel*, 227 F.3d 863, 871 (7th Cir. 2000)).

The Court does not believe that an "adequate discussion" of the issues relating to Plaintiff's severe conditions (*i.e.*, degenerative disc disease and spinal stenosis) or her RFC can be had without considering the post-DLI evidence in this matter. *See Lopez*, 336 F.3d at 539. The fact that Plaintiff had two subsequent spinal surgeries would certainly be relevant to a discussion of the Plaintiff's condition at the time of her DLI. Moreover, the progress notes from her treating physician would also be highly relevant. This is especially true in light of the fact the ALJ ultimately decided not to give controlling weight to Dr. Wilson's opinion regarding the effect of Plaintiff's conditions on her ability to work, and these records would indicate whether Dr. Wilson's opinions are supported by the record as a whole. In short, the ALJ made the same mistake again with a slightly different flavor. This time, the ALJ failed to adequately consider relevant post-DLI evidence in reaching his decision, and ignored new and different medical evidence supporting Plaintiff's disability claim.

For the foregoing reasons, Plaintiff's motion for summary judgment is granted and the Commissioner's cross-motion for summary judgment is denied. This matter is remanded for further proceedings consistent with the opinion.

**ENTERED:** 5/31/2018

Susan E. Cox
United States Magistrate Judge